1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11 | ROSE ANN FERNANDEZ,                     )     NO. ED CV 12-0943 SJO (FMO)

12 |            Petitioner,                          )

13 |      v.                                       )     **ORDER DISMISSING PETITION AND**

14 | CA DEPT. OF CORRECTIONS, et al.,         )     **DENYING A CERTIFICATE OF**
                                                 )     **APPEALABILITY**

15 |            Respondents.                         )

16

17       On June 8, 2012, Rose Ann Fernandez ("petitioner") filed a Petition for Writ of Habeas

18 Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, attacking her

19 conviction and sentence in People v. Fernandez, Riverside County Superior Court Case No.

20 RIM517024 ("Fernandez I").  (Petition at 1-27).[1]

21 **DISCUSSION**

22       "The federal habeas statute gives the United States district courts jurisdiction to entertain

23 petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or

24 laws or treaties of the United States.'" Maleng v. Cook (Cook), 490 U.S. 488, 490, 109 S.Ct. 1923,

25 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original); see also 28

26 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in

27
28

---

[1] For ease of reference, the Court sequentially numbers the pages of the Petition, i.e., 1-27.

behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time [her] petition is filed." Cook, 490 U.S. at 490-91, 109 S.Ct. at 1925; Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560 (1968); see also Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 844 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991) (Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power[.]").

Here, petitioner challenges the judgment entered against her in Fernandez I. (See Petition at 1-27). In particular, on May 4, 2010, in Fernandez I, petitioner pled guilty to, and was convicted of, one misdemeanor count of resisting, delaying or obstructing an officer (Cal. Penal Code ("P.C.") § 148) and two misdemeanor counts of violating a promise to appear (P.C. § 853.7).[2] (Petition at 1-2); People v. Fernandez, 2011 WL 3925406, at *2 (Cal. App. 4 Dist. 2011). On May 5, 2010, petitioner was sentenced in Fernandez I to credit for time served.[3] Fernandez, 2011 WL

---

[2] On May 4, 2010, in Riverside Superior Court Case No. RIF10000977 ("Fernandez II"), petitioner

entered a no contest plea to robbery and two counts of assault with a deadly weapon other than a firearm arising from an incident during which she stole her neighbor's necklace and hit her with a two-by-four board during an altercation. . . . [Petitioner also] admitted she had suffered [a] prior serious or violent felony conviction. A specification of the plea was that she would receive a low-term two-year sentence on the robbery, doubled pursuant to the three strikes law, for a total of four years. . . . At the same time, [petitioner] also pleaded guilty in four other misdemeanor cases which predated [Fernandez II, including Fernandez I].

People v. Fernandez, 2011 WL 3925406, at *1-2 (Cal. App. 4 Dist. 2011).

[3] On May 5, 2010, petitioner "was sentenced to the agreed-upon sentence of four years in state prison [in Fernandez II]. She received 96 days of custody credit, consisting of 84 actual days

2

3925406, at *3; (Petition at 1).  Based on these circumstances, petitioner clearly is not in custody on Fernandez I.  Indeed, petitioner is currently incarcerated on a different matter, Fernandez II.  (See Petition at 1 & 15); see also Fernandez, 2011 WL 3925406, at *1-3.  As such, petitioner was not "in custody" pursuant to Fernandez I at the time she filed the instant Petition, and this Court lacks jurisdiction to hear the pending Petition.  See Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999) ("Henry was *released* before he filed the petition that is before us.  Because of this circumstance, there is no custody from which he could be released.") (emphasis in original).

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both:  (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]"  Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

---

and 12 days of conduct credit calculated under [P.C. §] 2933.1."  Fernandez, 2011 WL 3925406, at *1.  Petitioner was also "sentenced to concurrent sentences on all four misdemeanor cases[,]" including Fernandez I, and "[t]he trial court . . . stated that since [petitioner] had 90 days' credit, the misdemeanor cases all had credit for time served."  Id. at *2-3.

The Court is dismissing the Petition without prejudice because petitioner is clearly not "in custody" for purposes of establishing the Court's habeas jurisdiction.  As such, petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 478, 120 S.Ct. at 1600-01.

Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without prejudice** and a Certificate of Appealability is **denied**.

DATED: June 24, 2012.

S. James Otero

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE